UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Jacqueline Jones-Beckett a/k/a Jacqueline Jones      Chapter 13
        Debtor(s)      NO. 22-13077 MDC

U.S. Bank Trust National Association,
     Movant

vs.

Jacqueline Jones-Beckett a/k/a Jacqueline Jones
     Debtor

     and

Jaheen E. Beckett
     Co-Debtor

DEBTOR'S RESPONSE TO
MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS OWNER-TRUSTEE FOR
LEGACY MORTGAGE ASSET TRUST 2020-GS2
FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 AND 1301

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted. The Debtor concedes the existence of a substantial unpaid balance, closely aligning with the figure provided by the Movant.

7. Admitted. The Debtor refrained from making scheduled monthly mortgage payments of $1,707.34 between January and August 2023, less a suspense balance of $42.66, based on explicit instructions from four different representatives of her mortgage servicer during her mortgage modification application process. Conversations with these representatives were as follows:

A. On January 10, 2023, Ebony Jones advised the Debtor to withhold payments until receipt of a modification letter.

B. On March 8, 2023, Sharon Jennings issued similar advice.

C. On April 21, 2023, Chris Benjamin reiterated this advice.

D. On June 12, 2023, Ebony Jones not only advised to withhold payments but also requested additional documentation.

8. Admitted. The Debtor confirms that $13,616.06 is required to reinstate the loan post-petition, and she has these funds readily available in her bank account.

9. Denied. The Movant is not entitled to relief from the automatic stay, as the motion appears to have been filed in bad faith. Significantly, Movant led the Debtor to believe that cooperation with the modification process would result in a granted modification. Despite this, the Debtor was later informed that a modification would "never" be granted due to her having two prior modifications. This misleading guidance is further evidence of the Movant's bad faith. The Debtor has otherwise made extensive, good-faith efforts to secure a mortgage modification, including:

    a. Timely submission of all required documents.

    b. Re-submission of documents upon the Servicer's claim of non-receipt.

    c. Full compliance with the Servicer's requests.

    d. Cooperation during an August 2023 home appraisal.

    e. On August 25, 2023, the Debtor was advised by Movant's representative, Ada Ashala, that despite her eligibility, a modification would "never" be granted due to two prior modifications.

This constitutes evidence of the Movant's bad faith, as the Debtor had already:

   (1) Diligently pursued modification for over eight months.

   (2) Complied with all Servicer requests.

   (3) Repeatedly provided lost or misplaced documentation.

   (4) Spent substantial time, including wait times of up to three hours, contacting the Servicer.

10. Admitted. The Debtor is actively seeking a mortgage modification.

11. Denied. The Debtor asserts her right to attorneys' fees as compensation for responding to the Movant's bad-faith motion.

WHEREFORE, the Debtor respectfully requests that relief be denied to the Movant and that an Order be issued awarding reasonable attorneys' fees to the Debtor.

Respectfully,

/s/ Richard N Lipow
Richard N Lipow
Attorney for the Debtor
43 Stonehedge Dr.
Glenmoore PA 19343
610.241.4804. richard@lipowlaw.com